NO. 07-11-00327-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 31, 2011

_____

IN RE JUSTINO FRUTIS, RELATOR

_____

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appearing *pro se,* relator Justino Frutis, a prison inmate, has filed a petition for writ of mandamus. Finding we lack jurisdiction, we will dismiss the petition.

In his petition, relator asserts the 137th District Court of Lubbock County lacked subject-matter jurisdiction to convict him on April 5, 2011, of aggravated assault-serious bodily injury allegedly occurring on September 7, 1999, because the prosecution was barred by limitations. In the prayer of his petition, relator asks that we find the trial court lacked subject-matter jurisdiction, order his conviction "dismissed," and notify prison officials so that his time record may be reformed.[2] We will dismiss relator's petition for want of jurisdiction.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] Relator's petition recites that the sentence he received from his April 2011 conviction runs concurrent with a 25-year sentence on another offense.

Relator has not filed a proper record or appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 52.7(a)(1). The only supporting document relator filed is an unsworn copy of the front page of a judgment. Additionally, relator's petition states facts not supported by evidence included in an appendix or record. A relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or record." Tex. R. App. P. 52.3(g). In short, a relator must supply a record sufficient to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992).

While relator's failure to comply with Appellate Rule 52 would ordinarily require denial of his petition, we must dispose of this proceeding on a different ground. The substance of the relief relator seeks by mandamus is a request for post-conviction habeas corpus relief. The Texas Court of Criminal Appeals has exclusive jurisdiction over a post-conviction writ of habeas corpus challenging a final felony conviction. Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (West Supp. 2010). We accordingly dismiss relator's petition for want of jurisdiction.


Per Curiam


2